IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
CIVIL ACTION NO. 3:17-CV-741-MOC-DCK

| | |
|---|---|
| LISSETTE MOLINA OLIVARES, | ) |
| Plaintiff, | ) |
| v. | ) **MEMORANDUM AND** |
| | ) **RECOMMENDATION** |
| FLEET NET AMERICA, | ) |
| Defendant. | ) |

**THIS MATTER IS BEFORE THE COURT** on "Defendant's Motion For Judgment On The Pleadings" (Document No. 10) filed January 25, 2018. This motion has been referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b), and immediate review is appropriate. Having carefully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the motion be granted.

## I. BACKGROUND

Lissette Molina Olivares ("Plaintiff" or "Olivares"), appearing *pro se*, initiated this action with a form "Complaint" (Document No. 1) pursuant to Title VII of the Civil Rights Act of 1964 as amended, on December 27, 2017. The Complaint asserts that Plaintiff was discriminated against based on her race, and in retaliation for filing a complaint, by her employer Fleet Net America ("Defendant" or "FleetNet"). (Document No. 1).

On January 25, 2018, Defendant filed its "…Verified Answer and Defenses" (Document No. 7) and "…Motion for Judgment on the Pleadings" (Document No. 10). In short, Defendant contends that "Plaintiff signed an enforceable settlement agreement, in which she released her Title VII claims." (Document No. 10, p.2). Defendant asserts that Plaintiff executed a "'Release

of Claims,' that explicitly releases FleetNet from "any and all claims for violation of any federal, state or municipal statute…." (Document No. 10, pp.2-3) (quoting (Document No. 7-1, p.3).

On January 26, 2018, the Court issued an Order advising *pro se* Plaintiff that she had a right to respond to Defendant's motion, and that failure to file a timely and persuasive response would likely lead to the dismissal of this lawsuit. (Document No. 11). Plaintiff's deadline to file a response was February 8, 2018. Id. To date, Plaintiff has failed to respond or to seek additional time to respond.

This matter is ripe for review and a recommendation to the Honorable Max O. Cogburn, Jr.

## II.  DISCUSSION

After careful review of the papers, and without any rebuttal by Plaintiff, the undersigned finds Defendant's argument persuasive that the parties executed a valid and enforceable settlement agreement. See (Document No. 7-1). Defendant also effectively notes that Plaintiff cashed her settlement check; therefore, her claim is also barred by accord and satisfaction. (Document No. 10, p.3) (citing Angel Med. Ctr, Inc. v. Abernathy, 2:98-CV-257-MOC, 159 F.Supp.2d 215, 220 (W.D.N.C. 2000)).

## III.  RECOMMENDATION

**FOR THE FOREGOING REASONS**, the undersigned respectfully recommends that "Defendant's Motion For Judgment On The Pleadings" (Document No. 10) be **GRANTED**.

## IV.  TIME FOR OBJECTIONS

The parties are hereby advised that pursuant to 28 U.S.C. § 636(b)(1)(C), and Rule 72 of the Federal Rules of Civil Procedure, written objections to the proposed findings of fact, conclusions of law, and recommendation contained herein may be filed within **fourteen (14) days**

of service of same.  Responses to objections may be filed within fourteen (14) days after service of the objections.  Fed.R.Civ.P. 72(b)(2).  Failure to file objections to this Memorandum and Recommendation with the District Court constitutes a waiver of the right to *de novo* review by the District Court.  Diamond v. Colonial Life, 416 F.3d 310, 315-16 (4th Cir. 2005).  Moreover, failure to file timely objections will preclude the parties from raising such objections on appeal.  Diamond, 416 F.3d at 316;  Page v. Lee, 337 F.3d 411, 416 n.3 (4th Cir. 2003);  Snyder v. Ridenhour, 889 F.2d 1363, 1365 (4th Cir. 1989);  Thomas v. Arn, 474 U.S. 140, 147-48 (1985), reh'g denied, 474 U.S. 1111 (1986).

**IT IS SO RECOMMENDED**.

Signed: February 26, 2018

David C. Keesler
United States Magistrate Judge